## JUSTICE OF THE PEACE.

[Circuit Court of Hamilton County.]

### LOUISE MEYERS v. JOSIAH DWIGHT.

Decided, January 13, 1903.

*Jurisdiction—Of Justice of the Peace—To Take Appeal Bond in Case Begun Before Another Justice.*

Where a justice of the peace hears and determines a case filed before another justice who is temporarily disabled, the appeal bond must be perfected before the justice originally having jurisdiction.

PER CURIAM.

This cause was originally brought before R. J. Stauverman, justice of the peace in and for Springfield township, and summons was, on December 30, 1901, issued by him.

On January 29, 1902, the following entry was made on Justice Stauverman's docket:

"1902, January 29. This cause was called, R. J. Stauverman, issuing magistrate, being unable on account of sickness to try the case, D. J. Smith, one of the justices of the peace of Springfield township, tried the action in his stead. Plaintiff being sworn, testified. And defendant, Mrs. Josiah Dwight, and her daughter, Miss Dwight, also being sworn and testified. And after hearing the testimony, judgment is for defendant and the cost taxed against plaintiff amounting to $5.50.

"D. J. SMITH,
*"Acting Justice of the Peace."*

On February 4, 1902, Harry W. Morten signed plaintiff's appeal bond, to which this certificate appears:

"Approved by and signed before me this fourth day of February, A. D. 1902.

"RICHARD J. STAUVERMAN,
*"Justice of the Peace."*

The common pleas court dismissed the appeal, on the ground that it was not perfected in the manner required by Section 6583, Revised Statutes, in that the appeal bond was not approved by the justice of the peace who rendered the judgment:

"In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace, to the court of common pleas of the county where the judgment was rendered."

And Section 6584, Revised Statutes:

"The party appealing shall, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety to be approved of by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs."

Section 601, Revised Statutes, provides:

"In case of the sickness or other disability, or necessary absence of a justice at the time appointed for trial, another justice of the same township may, at his request, attend in his behalf, and shall thereupon become vested with the power, for the time being, of the justice before whom the summons was returnable; in that case the proper entry of the proceeding before the attending justice, subscribed by him, must be made in the docket of the justice before whom the writ was returnable; if the cause is adjourned, the justice before whom the summons was returnable must resume jurisdiction."

We are of opinion that in sitting in the place of Justice Stauverman, in the trial of this case, Justice Smith was exercising the power of Justice Stauverman, with which Justice Smith was *"for the time being," "vested."*

The judgment was, for all ministerial purposes—that is, for all purposes not immediately part of the hearing—the judgment of Justice Stauverman.  Of course, this could not be for purposes of a motion for a new trial or signing a bill of exceptions.  Justice Smith's assumption of power only lasted for the time being, and did not continue for ten days within which the appeal bond might be given.

We are of opinion that the appeal was perfected according to law, and that the court below erred in dismissing the cause.

Judgment reversed.